GERNER, APPELLANT, *v.* SALEM CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Gerner v. Salem City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 170.]

(No. 92–2520—Submitted January 12, 1994—Decided April 27, 1994.)

172

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Anthony P. Sgambati II* and *Barry Laine,* for appellant.

*Horning & Horning, Richard A. Horning* and *J. David Horning,* for appellee.

WRIGHT, J.   We assume in this case that the statement of circumstances provided to appellant Gerner by the board is defective in that it does not meet the requirements of R.C. 3319.11(G)(2).[1]   We address only the remedial power of a court necessary to ensure that the board follows through on its obligation to provide a statement of circumstances that is not defective; that is, to ensure that it promptly corrects its error.   The precise issue before us is whether in an appeal under R.C. 3319.11(G)(7) a court may either order the board to temporarily reinstate Gerner with back pay or grant an award of back pay alone, pending correction of the error.   For the reasons that follow, we hold that a court may award back pay but may not order the board to reinstate Gerner.   We therefore reverse in part the decision of the court of appeals.

Gerner claims that the relief granted by the trial court is inadequate because "it gave full effect to a non-renewal decision that * * * was procedurally defective."   She argues that R.C. 3319.11(G)(7) allows a court to order the board to temporarily reinstate her with back pay until the board corrects the defective statement of circumstances it provided her.   If a court is not authorized to reinstate her with back pay, she argues that she may still be awarded back pay alone.

The procedures governing the nonrenewal of limited contracts of employment for teachers are set forth in R.C. 3319.11, a statute amended in 1988 by Am.Sub. H.B. No. 330, 142 Ohio Laws, Part II, 3356.   Prior to the enactment of this bill, a board of education could decide not to renew a teacher's limited contract by merely providing notice of the decision on or before April 30 of the year in which the contract was to expire.   A teacher working under a limited contract was not entitled to know the reasons why his or her contract was not renewed, nor was the teacher entitled to a hearing on the matter.   See *Matheny v. Frontier Local Bd. of Edn.* (1980), 62 Ohio St.2d 362, 16 O.O.3d 411, 405 N.E.2d 1041.   Since the enactment of Am.Sub. H.B. No. 330, R.C. 3319.11 has afforded limited-contract teachers some measure of protection with respect to the nonrenewal of their contracts, protections which are procedural in nature.[2]   These procedural protec-

---

1.  We need not decide whether the board's description in this case was adequate under R.C. 3319.11(G) because the board did not appeal the decision of the court of appeals.   We note, however, that the adequacy of the board's description is governed by the standards set forth by this court in *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725.   In *Naylor,* this court held that "R.C. 3319.11(G)(2) requires a board of education to provide a teacher under a limited contract *a clear and substantive basis* for its decision not to reemploy the teacher for the following school year."   (Emphasis added.)   *Id.,* paragraph three of the syllabus.

2.  The version of R.C. 3319.11(G) in effect when this cause arose provided in part:
    "(G)(1) Any teacher receiving written notice of the intention of a board of education not to reemploy him pursuant to division (B), (C)(3), (D), or (E) of this section may, within ten days of the

tions include, among others, the right under R.C. 3319.11(G)(2) to receive a statement of circumstances and the right under R.C. 3319.11(G)(7) to appeal a board's decision.

A court in an appeal, however, "is limited to the determination of procedural errors and to ordering the correction of procedural errors." R.C. 3319.11(G)(7) restricts the availability of the remedy of reemployment to two circumstances: a failure by a board of education to properly evaluate a teacher under R.C. 3319.111(A) and a failure to provide timely notice of the nonrenewal decision. Unless one of these two circumstances is present, a court in an appeal may not invalidate a board's decision not to reemploy a teacher.

We find that the language in R.C. 3319.11(G)(7) described above clearly precludes a court from invalidating the board's decision and ordering the board to reinstate Gerner. Here the board violated only the requirements of R.C. 3319.11(G)(2) and not the evaluation requirements of R.C. 3319.111(A) or the notice requirements of R.C. 3319.11(E). Ordering the board to reinstate Gerner pending correction of the inadequate statement of circumstances provided her is equivalent to ordering the board to reemploy her, albeit temporarily. R.C. 3319.11(G)(7) does not allow for such a result in this case. We therefore hold that

---

date on which he received the notice, file with the treasurer of the board of education a written demand for a written statement describing the circumstances that led to the board's intention not to re-employ the teacher.

"(2) The treasurer of a board of education, on behalf of the board, shall, within ten days of the date on which he receives a written demand for a written statement pursuant to division (G)(1) of this section, provide to the teacher a written statement describing the circumstances that led to the board's intention not to re-employ the teacher.

" * * *

"(7) A teacher may appeal an order affirming the intention of the board not to re-employ the teacher to the court of common pleas of the county in which the largest portion of the territory of the school district is located, within thirty days of the date on which the teacher receives the written decision, on the grounds that the board has not complied with the provisions of section 3319.11 or 3319.111 of the Revised Code.

"Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors and shall have no jurisdiction to order a board to re-employ a teacher, except that the court may order a board to re-employ a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 of the Revised Code or the board has not given the teacher written notice on or before the thirtieth day of April of its intention not to re-employ the teacher pursuant to division (B), (C)(3), (D), or (E) of this section. Otherwise, the determination whether to re-employ or not re-employ a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to re-employ or not re-employ a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section.

"No appeal of an order of a board may be made except as specified in this division."

when a board of education provides an inadequate statement of circumstances to a teacher whose limited contract was not renewed and thereby violates R.C. 3319.11(G)(2), a court may not order the board to reinstate the teacher with back pay.

We do find, however, that R.C. 3319.11(G)(7) does not preclude an award of back pay under every circumstance. The statute allows a court to "order[ ] the correction of procedural errors." Implicit within this language is the authority for a court to fashion a means to enforce the statute, a remedy if you will. As stated earlier, by amending R.C. 3319.11 the General Assembly evinced an intent to provide teachers holding limited contracts some measure of protection with respect to the nonrenewal of their contracts. We do not find in the language of the statute a similar intent to divest a court of *all* power to see that a board of education in fact provides the protections contemplated by the statute.

Our finding in this regard does not contravene the limitations imposed on a court in an appeal under R.C. 3319.11(G)(7). The limitations there are meant to preserve a board of education's ultimate authority over the employment of teachers in its school system. They are not meant to impede a court's ability to otherwise enforce the procedural protection afforded those teachers under R.C. 3319.11(G)(2). Awarding back pay to Gerner without reinstating her does not threaten the authority vested in the board to ultimately decide whether to employ her as a teacher. It does, however, prompt the board to act diligently in providing Gerner an adequate statement of circumstances, which fulfills the purpose behind division (G)(2) of the statute.

For the reasons stated above, we hold that when a board of education violates R.C. 3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to reemploy a teacher, a court in an appeal under R.C. 3319.-11(G)(7) may award the teacher back pay until the board provides an adequate statement of circumstances.

We reverse in part the decision of the court of appeals and remand this cause to the trial court for a determination of the amount of back pay due Gerner.

*Judgment reversed in part*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.