JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Kathleen Ann Sutula. Plaintiff-appellant Marcia Wands filed a complaint for review of the procedures utilized by appellee Maple Heights City School District Board of Education ("Board") in determining not to renew her employment contract. She claims that, while the judge was correct when she ordered the Board to provide an adequate statement of circumstances leading to its decision not to re-employ her, it was error to deny her back pay for that period between the Board's inadequate statement of reasons and correction of its error. We agree, reverse in part and remand for a determination of the amount of back pay due.
During the 1997-98 school year, the Board employed Wands under a limited teaching contract as a teacher for "severely behaviorally handicapped" students. At times throughout the year, the principal and/or other supervisory personnel observed her classroom performance. After an October 24, 1997 visit, Assistant Principal Joe Shoaf filled out an "appraisal instrument," consisting of a checklist and some handwritten comments and Wands signed the form, indicating her receipt of a copy, on October 28, 1997. He conducted a second observation on December 12, and filled out a similar, although not identical, checklist with comments which Wands signed the same day. Both of Shoaf's appraisals were positive, the second one ending with the comment, "Keep up the good work."
On February 27, 1998, Wands attended a meeting with Shoaf, Maple Heights Teacher's Association Building Representative Timothy Reardon, and Director of Special Pupil Services Suzanne Allen. The meeting was called to discuss Allen's review of Wands' daily and weekly recordkeeping of her students' behavior, because Allen questioned their "accuracy and authenticity." The daily logs chart each student's behavior by assigning a number value to that child's daily ability to respect authority or "use appropriate social amenities." Allan was concerned that these logs were not filled out on a daily basis, but instead were being copied.
Shoaf recounted the meeting's events in a letter to Wands dated March 26, 1998 and on March 30, 1998, he made handwritten comments on a one-page form labeled "Final Review — Summary Conference and Report." Shoaf's comments indicated his satisfaction with Wands' classroom performance, but referred to the recordkeeping concerns. Wands acknowledged receipt of the form, and submitted her own one-page, handwritten response to Shoaf's comments and addressed the recordkeeping concerns by stating she believed they had been resolved.
On April 24, 1998, the Board delivered a letter to Wands indicating its intent not to renew her employment contract beyond the 1997-98 school year. On April 28, 1998, the Board received her demand for a "written statement describing the circumstances" that led to the board's decision to which she was entitled under R.C. 3319.11(G)(1). The Board responded to her demand on May 8, 1998, with the following statement:
 In response to your demand, the following is provided as statement of the circumstances that led to the Board's intention not to re-employ you at the expiration of your limited teaching contract:
 On April 23, 1998, the Board, meeting in executive session, considered, pursuant to Ohio Revised Code Section 3319.11, the recommendation of the Superintendent to not re-employ you, which was based on a review of your entire work record.
Wands next demanded a hearing on this decision, pursuant to R.C.3319.11(G)(3), which was set for June 1, 1998, then postponed, and on June 17, 1998, she received notice that it would take place on June 18, 1998. At the hearing, Wands was represented by a Labor Relations Consultant from the Ohio Education Association, testified on her own behalf and was allowed to present the testimony of William Turnbow, a teacher's aide. The Board was represented by an attorney who presented four witnesses. On June 25, 1998, Wands received a copy of the Board's Resolution No. 98-59, affirming its decision not to renew her contract.
Wands filed an appeal from this decision in the Court of Common Pleas on July 22, 1998, and requested correction of various procedural errors, renewal of her contract, back pay during the pendency of the action and attorney fees. The Board answered and later filed a complete transcript of the hearing. A briefing schedule commenced October 30, 1998, and ended December 15, 1998. In her decision of February 24, 2000 decision, the judge found that the Board's nebulous May 9, 1998 letter and its subsequent decision to amplify its reasons for Wands non-renewal at a later hearing failed to comply with R.C. 3319.11(G)(2). She ordered the Board to provide Wands with a statement containing specific and detailed examples providing a clear and substantive basis for its decision not to renew the contract and provide Wands with the opportunity for another hearing. She refused to order that the contract be renewed and denied back pay and attorney fees.
Wands has a single assignment of error.
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FAILED TO AWARD APPELLANT BACK PAY FOR APPELLEE BOARD'S FAILURE TO COMPLY WITH O.R.C. 3319.11(G)(2).
Wands contends that a failure to comply with the mandates of R.C.3319.11(G)(2) is a procedural error for which back pay is properly awarded. The Board counters that because the judge has no jurisdiction to order a contract renewed, an award of back pay is not required. The parties disagree over the interpretation of Gerner v. Salem City SchoolDist. Bd. of Edn. (1994), 69 Ohio St.3d 170, 630 N.E.2d 732, with the Board taking the position that Gerner does not mandate the allowance of back pay in every case in which a procedural error is found under R.C.3319.11. The judge apparently agreed but did not specify the facts considered or relied upon in making that determination.
Although we have not found specific guidance concerning our standard of review on appeal of R.C. 3319.11 actions, a trial judge ordinarily reviews agency action to determine whether the law was properly applied, and whether substantial evidence supports the decision. On appeal of that judge's decision, we do not review the agency action directly, but review the judge's action for abuse of discretion. See State Emp. Relations Bd.v. Adena Local Sch. Dist. Bd. of Edn. (1993), 66 Ohio St.3d 485,613 N.E.2d 605. The definition of abuse of discretion as something more than an error of law or error of judgment generally is derived fromSteiner v. Custer (1940), 137 Ohio St. 448, 31 N.E.2d 855, paragraph 2 of the syllabus. See, e.g., Tracy v. Merrell Dow Pharmaceuticals, Inc. (Ohio 1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880 (citing Steiner).Steiner simultaneously defined the term as "a view or action that no conscientious judge, acting intelligently, could honestly have taken."Steiner, 137 Ohio St. at 451, 31 N.E.2d at 857.
The abuse of discretion standard is not applied to a trial judge's determinations of law. In re Kralik (1995), 101 Ohio App.3d 232,235-36, 655 N.E.2d 273, 275. Although a judge might have discretion when making factual determinations and applying those facts to rules of law, he does not have discretion to determine the rule of law that applies. Despite unfortunate decisions that might lead one to believe that judicial discretion includes discretion to make legal errors so long as they are not "arbitrary" or "unreasonable," this is not the law.
 Judicial discretion is the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case.
Krupp v. Poor (1970), 24 Ohio St.2d 123, 265 N.E.2d 268, paragraph 2 of the syllabus. A litigant has the right to insist on application of the correct rule of law. Therefore, a trial judge has no option, and thus no discretion, to apply an incorrect rule of law to the prejudice of any litigant, and an appellate court retains the authority to correct such errors under any standard of review.
R.C. 3319.11 provides a set of procedures for school boards to follow when deciding not to re-employ teachers. Prior to making a non-renewal decision, the Board must employ the evaluation procedures set forth in R.C. 3319.111,[1] which requires two evaluations, each followed by written reports to the teacher. Once the evaluations are done, the Board must notify the teacher of its intent not to renew the contract by April 30 of the year in which the non-renewal takes place; in this case, for example, the Board decided not to renew Wands' contract for the 1998-99 school year and gave her notice before April 30, 1998.
A teacher notified of non-renewal is allowed to take advantage of the proceedings set forth in R.C. 3319.11(G). The teacher first is allowed to make "a written demand for a written statement describing the circumstances that led to the Board's intention not to re-employ the teacher, which it must then provide. R.C. 3319.11(G)(1) and (2). After receiving the statement of circumstances, the teacher is allowed to demand a hearing before the Board which it must provide if demanded. R.C. 3319.11(G)(3) and (4). To ensure a meaningful proceeding, the hearing must conform to certain dictates of due process. Naylor v.Cardinal Local School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162,630 N.E.2d 725, paragraph four of the syllabus.
After the hearing, the Board must inform the teacher within ten days of its decision to affirm or vacate its intention not to re-employ the teacher. R.C. 3319.11(G)(6). If it affirms its decision not to re-employ, the teacher has a right to appeal that decision to the court of common pleas. However, that review is narrowly limited; the trial judge cannot reverse the Board's decision on the merits or order reinstatement or re-employment of the teacher unless particular procedures have been violated. R.C. 3319.11(G)(7). Reinstatement is allowed only where the Board has failed to conduct evaluations in compliance with R.C. 3319.111, or where it failed to deliver notice of its intention not to re-employ by April 30. In all other cases, including the Board's failure to provide an adequate statement of circumstances or failure to provide a proper hearing, the judge "is limited to the determination of procedural errors and to ordering the correction of procedural errors * * *." R.C. 3319.11(G)(7).
Because he lacks the authority to order reinstatement in these cases, a judge must fashion some other remedy to correct procedural errors. In Gerner, the Ohio Supreme Court determined that, although a judge could not order reinstatement with back pay as a remedy for procedural error, an award of back pay without reinstatement served the interests of ensuring procedural protection and did not violate the statute's prohibition on re-employment. Gerner,69 Ohio St.3d at 174-75, 630 N.E.2d at 735.[2]
The Board argues that the Gerner holding is intended to provide a judge with the discretion to award back pay after finding a procedural violation and bases its interpretation on selected language in Gerner.
We, however, read and analyze the Court's opinion in its entirety and note the following in relevant part:
 The precise issue before us is whether in an appeal under R.C. 3319.11(G)(7) a court may either order the board to temporarily reinstate Gerner with back pay or grant an award of back pay alone, pending correction of the error. For the reasons that follow, we hold that a court may award back pay but may not order the board to reinstate Gerner.
* * *
 Ordering the board to reinstate Gerner pending correction of the inadequate statement of the circumstances provided her is equivalent to ordering the board to re-employ her, albeit temporarily. R.C. 3319.11(G)(7) does not allow for such a result in this case. We therefore hold that when a board of education provides an inadequate statement of circumstances to a teacher whose limited contract was not renewed and thereby violates R.C. 3319.11(G)(2), a court may not order the board to reinstate the teacher with back pay.
 We do find, however, that R.C. 3319.11(G)(7) does not preclude an award of back pay under every circumstance. The statute allows a court to "order
the correction of procedural errors." Implicit within this language is the authority for a court to fashion a means to enforce the statute, a remedy if you will. As stated earlier, by amending R.C. 3319.11 the General Assembly evinced an intent to provide teachers holding limited contracts some measure of protection with respect to the nonrenewal of their contracts. We do not find in the language of the statute a similar intent to divest a court of all power to see that a board of education in fact provides the protections contemplated by the statute.
* * *
 Awarding back pay to Gerner without reinstating her does not threaten the authority vested in the board to ultimately decide whether to employ her as a teacher. It does, however, prompt the board to act diligently in providing Gerner an adequate statement of circumstances, which fulfills the purpose behind division G(2) of the statute.
 For the reasons stated above, we hold that when a board of education violates R.C. 3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to re-employ a teacher, a court in an appeal under R.C. 3319.11(G)(7) may award the teacher back pay until the board provides an adequate statement of circumstances.
 We reverse in part the decision of the court of appeals and remand this cause back to the trial court for a determination of the amount of back pay due Gerner.
(Emphasis sic.)
Gerner, 69 Ohio St.3d at 173-75, 630 N.E.2d at 734-36.
The Board insists that the word "may" gives the trial judge the discretion to determine when the remedy should be provided, and argues here that it was an exercise of discretion to deny Wands back pay because the facts showed that Wands was "truly undeserving." In essence, the Board submits its failure to provide proper procedures should be ignored and Wands denied back pay because the merits of the case show that her termination was justified. It emphasizes the facts that justified Wands' termination suggesting that the principles of due process and the requirements of R.C. 3319.11 should be afforded only to those who the Board unjustly seeks to terminate. Such an argument reflects neither the holding nor the intent of Gerner. Its use of the word "may" refers to a trial judge's authority, not his discretion.
Gerner involved facts similar to those sub judice. As here, the school board in Gerner notified the teacher of non-renewal and then gave the teacher an inadequate statement of reasons for its decision. The trial judge ordered the school board to give the teacher another statement of circumstances followed by another opportunity to request and obtain a hearing, but did not award the teacher back pay. The appellate court affirmed the decision, but the Ohio Supreme Court reversed the portion of the decision concerning back pay, stating, "We reverse in part the decision of the court of appeals and remand this cause to the trial courtfor a determination of the amount of back pay due Gerner." (Emphasis added.) Gerner, 69 Ohio St.3d at 175, 630 N.E.2d at 736.
Wands received exactly the same relief found insufficient in Gerner.Gerner does not discuss whether the facts and circumstances otherwise show that the teacher deserved back pay, that the procedural error was promptly corrected, or anything else. It does not state that any factor other than the existence of procedural error must be examined prior to determining entitlement to back pay, nor does it give any guidance as to what facts might be relevant to the determination. Indeed, allowing a trial judge to review the record to determine whether a teacher deserves
back pay would be both dangerous and contrary to the spirit of R.C.3319.11. To do so would allow and/or require the trial judge to review whether the school board's non-renewal decision was justified, a determination specifically protected from judicial review by R.C. 3319.11.
Gerner's holding does not provide a remedy for only those "deserving" teachers who were denied adequate procedures; back pay is a remedy for all those denied adequate procedures. The Board's argument essentially maintains that it may summarily decide not to re-employ a certain teacher because his records are so bad that he need not be provided a statement of reasons and a hearing. This is not Gerner's holding.
R.C. 3319.11 is designed to allow school boards to make decisions without having to face vexing and burdensome choices that would result from re-employment orders. Because school boards have the ability to make such decisions without judicial review of their merits, the General Assembly sought to protect teachers' rights by ensuring a fair and meaningful process of decision making, and providing for judicial review of that process. Gerner recognized that review of the process alone does not protect teachers' rights. A remand for correct proceedings will not undo the damage caused by the failure to provide those proceedings in the first place. In all likelihood the school board would not change its decision; the improper proceedings indicate an unwillingness to be open from the beginning, and the teacher's challenge will not foster reconciliation.
Furthermore, in this case as in others, many months have passed by the time proper procedures were employed, and it is likely that both the Board and Wands have made alternate arrangements.While correcting procedural defects can have future benefits, such as helping a teacher better address concerns raised by the prospect of non-renewal, the Board is unlikely to change its substantive decision. Therefore, merely ordering correct proceedings be provided, alone, would not seem to motivate school boards to provide and conduct correct proceedings from the beginning. The decision in Gerner ensures compliance with the statutory requirements of R.C. 3319.11 by holding that back pay is the appropriate remedy in cases in which those procedures are violated and provides clear guidance to school boards faced with contract renewal decisions. Furthermore, a judge can review procedures to determine the amount of back pay due and if the facts show that improper proceedings were promptly corrected, the award of back pay can be so limited; the teacher is entitled to back pay only until correct proceedings are provided.[3] Gerner, 69 Ohio St.3d at syllabus; Geib v. Triway LocalSchool Dist. Bd. of Edn. (1999), 84 Ohio St.3d 447, 451, 705 N.E.2d 326,328-29.
Our interpretation of Gerner is cemented by Geib, in which the Ohio Supreme Court implicitly came to the same conclusion. As in Gerner, theGeib court found that a school board failed to give a discharged teacher an adequate statement of reasons. The court concluded that the procedural violation entitled the teacher to an award of back pay, citing Gerner.Geib, 84 Ohio St.3d at 451, 705 N.E.2d at 328-29. The court concluded Geib's entitlement to back pay without any discussion of the merits of the school board's decision, just as the Gerner court remanded for a determination of the amount of back pay due, rather than whether back pay was due, without any discussion of the merits of that school board's decision.
A remedy for procedural violations that requires a judge to decide the merits of the case frustrates the purpose of R.C. 3319.11; to find otherwise would mean that a judge could not provide a remedy for a procedural violation unless the teacher would prevail on the merits, thereby eviscerating the statute's procedural protections and contradicting its mandate to avoid reviewing the merits of school board decisions. We will not interpret Gerner to reach this absurd result.
We therefore find merit in Wands' assignment of error, reverse that portion of the decision denying an award of back pay, and remand for a determination of the amount of back pay due.
Reversed in part and remanded.
It is ordered that the appellant recover from appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., AND JAMES M. PORTER, J., CONCURRING IN JUDGMENT ONLY.
[1] However, parties to a collective bargaining agreement can expressly opt out of statutory evaluation procedures and agree to alternate procedures. Naylor v. Cardinal Local School Dist. Bd. of Edn. (1994),69 Ohio St.3d 162, 630 N.E.2d 725, paragraph 2 of the syllabus. Wands' evaluation was covered by a collective bargaining agreement, and she does not challenge the evaluation procedures here.
[2] We will not further address the Board's argument that an award of back pay constitutes reinstatement; Gerner already has addressed and rejected the argument.
[3] This raises another point upon which the Board's argument founders; if the Board is correct in asserting that Wands' shortcomings were so obvious that no statement was necessary, it is just as obvious that the Board could have submitted an appropriate statement of circumstances with minimal effort.