OPINION
Appellant, Kimberly Layman ("Layman"), appeals from the judgment of the Lake County Court of Common Pleas entered on December 10, 1999. The matter was before the court as an administrative appeal from a decision of appellee, Perry Local School District Board of Education ("The Board"). The Board determined not to renew its limited employment contract with Layman for the 1999-2000 school year.
Layman was employed by the Board for seven years under limited teaching contracts. On April 26, 1999, the Board voted to not renew Layman's contract. Layman was provided with written notice of the non-renewal of her contract the next day. Layman requested a written statement of the circumstances that led to the Board's decision, and a written statement was delivered to Layman on May 12, 1999. After a hearing, the Board affirmed its decision not to reemploy Layman.
The only person to testify on behalf of the Board was Layman's direct supervisor, Paul Kapostasy, who was the principal of Perry Elementary School. He testified regarding the evaluations he conducted of Layman during the 1998-1999 school year. His method of evaluating a teacher was to meet with the teacher, then observe the teacher in class for a minimum of thirty minutes, followed by another meeting. Afterwards he prepared a written evaluation.
Kapostasy observed Layman on two occasions around October 23, 1998, and generated a written evaluation on December 18, 1998. He met with Layman on January 11, 1999, regarding this evaluation. Kapostasy also conducted an observation on December 8, 1998, and generated a written evaluation on January 22, 1999. On February 25, 1999, Kapostasy conducted morning and afternoon observations, which generated a written evaluation on March 10, 1999. Kapostasy met with Layman regarding this evaluation on March 17, 1999. Kapostasy conducted another observation on March 16, 1999, completed the written evaluation on April 1, 1999, and met with Layman that day. Based on these observations, evaluations and meetings, Kapostasy provided Layman with specific recommendations for improvement, including: "(1) having remaining students work in small groups, rather than waiting in line, while appellant engages in one-on-one time with other students; (2) instead of expecting quick responses to questions, allow 3-7 seconds to facilitate student responses; and (3) adapt lesson plans to the differing levels, needs and learning rates of the individual students."
Ultimately, Kapostasy recommended to the superintendent that Layman's contract not be renewed. On May 12, 1999, Layman received the written statement of circumstances explaining why she was not being offered continued employment. The report listed twenty-two reasons. These reasons addressed Layman's personal and professional judgment, her planning and delivery of lessons, her relationships with students, parents, and school staff members, how well she followed school procedures, and her professional growth and development.
At her hearing, Layman objected to the use of two items in the report with respect to her personal and professional judgment. Her objection was based on the fact that the incidents occurred in 1995 and 1996. In 1995, Layman had used school telephones to call a psychic hotline. These calls generated a bill of $792.29. The school had to conduct an investigation to determine who placed the calls. In 1996, Layman sent an e-mail to school staff members which was racially derogatory and sexually offensive.
After the Board affirmed its decision not to rehire Layman on June 18, 1999, Layman appealed to the Lake County Court of Common Pleas, which affirmed the Board's decision. From this judgment, Layman timely filed notice of appeal.
In her first assignment of error, Layman asserts the trial court erred when it concluded that the statement of circumstances provided by the Board was proper under R.C. 3319.11(G)(2). She argues that although she requested a written statement of the circumstances setting forth the rationale for the Board's decision not to renew her contract, the statement provided failed to adequately describe circumstances that led to the Board's decision as required by R.C. 3319.11(G)(2).
A court of common pleas' scope of review under Chapter 3319 is more limited than in standard administrative appeals. R.C. 3319.11(G)(7) states, in relevant part:
 "Notwithstanding section 2506.04 of the Revised Code, the court in an appeal under this division is limited to the determination of procedural errors and to ordering the correction of procedural errors
and shall have no jurisdiction to order a board to reemploy a teacher, except that the court may order a board to reemploy a teacher in compliance with the requirements of division (B), (C)(3), (D), or (E) of this section when the court determines that evaluation procedures have not been complied with pursuant to division (A) of section 3319.111 * * *. Otherwise, the determination whether to reemploy or not reemploy a teacher is solely a board's determination and not a proper subject of judicial review and, except as provided in this division, no decision of a board whether to reemploy or not reemploy a teacher shall be invalidated by the court on any basis, including that the decision was not warranted by the results of any evaluation or was not warranted by any statement given pursuant to division (G)(2) of this section." (Emphasis added.)
 Our scope of review is also limited. "In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion." Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, at 260-261.
"Pursuant to R.C. 3319.11(G)(2), a board of education must provide a teacher with a clear and substantive basis for its decision not to renew a limited teaching contract." Geib v. Triway Local School Dist. Bd. ofEdn. (1999), 84 Ohio St.3d 447, syllabus. "To satisfy this requirement, a board of education must expressly state the reasons underlying its decision * * *." Id. "When a board of education violates R.C.3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to reemploy a teacher, a court in an appeal under R.C. 3319.11(G)(7) may award the teacher back pay until the board provides an adequate statement of circumstances." Gerner v. Salem CitySchool Dist. Bd. of Edn. (1994), 69 Ohio St.3d 170, syllabus.
The court of common pleas found that appellee properly expressed twenty-two clear and substantive reasons underlying its decision not to reemploy Layman. The reasons were set forth in writing and were timely delivered to Layman. They were critical of Layman's personal and professional judgment, her planning and delivery of lessons, her relationships with students, parents, and school staff members, how well she followed school procedures, and her professional growth and development. The reasons set forth in the statement of circumstances were clear and substantive. Thus, the court of common pleas concluded appellee met its procedural obligation under R.C. 3319.11. We cannot say the trial court abused its discretion in reaching this conclusion.
Layman also makes the argument that appellee improperly relied on the incidents which occurred in 1995 and 1996, as a basis for non-renewal of her contract. In support of this argument, she cites R.C. 3319.111(A), which sets forth the requirement that in any year a board of education may wish to declare its intention not to renew a teacher's limited contract, it must conduct evaluations in compliance with Chapter 3319. On the basis of this requirement, Layman argues the Board is bound to limit its reasons for non-renewal to circumstances which occurred in this time period, and may not consider prior events. The statement of circumstances set forth twenty other reasons why the contract was not being renewed. R.C. 3319.111(A) places no express limit on the time frame a board of education may consider in its decision. Rather, it simply requires that an evaluation be done in any year in which a board of education might wish not to renew an individual teacher's contract.
Finally, Layman misstates the rationale and holding of this court inManno v. Chardon Local School Dist. Bd. of Edn. (Nov. 29, 1996), Geauga App. No. 96-G-1985, unreported, 1996 Ohio App. LEXIS 5403. In Manno, we held that a school board does not err by declining to allow the admission of evidence regarding a teacher's performance prior to the period in which the statutorily required evaluation is conducted. This is not synonymous with saying that a school board may not admit evidence of prior performance, or prior events or acts. In this regard, Manno stands for the proposition that a school board is not required to consider a teacher's performance prior to the evaluation period, and may base its decision strictly upon the performance observed during that period. At the same time, as discussed above, there is no statutorily imposed limitation forbidding the consideration of such evidence. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, she argues the court of common pleas erred in determining appellee properly followed the procedures set forth in R.C. 3319.11 and R.C. 3319.111 in not renewing her contract. Specifically, Layman argues that appellee did not comply with R.C. 3319.111(B)(3), which places a specific requirement on the content of teacher evaluations. R.C. 3319.111(B) states:
 "Any board of education evaluating a teacher pursuant to this section shall adopt evaluation procedures that shall be applied each time a teacher is evaluated pursuant to this section. These evaluations shall include, but not be limited to:
 "(1) Criteria of expected job performance in the areas of responsibility assigned to the teacher being evaluated;
 "(2) Observation of the teacher being evaluated by the person conducting the evaluation on at least two occasions for not less than thirty minutes on each occasion;
 "(3) A written report of the results of the evaluation that includes specific recommendations regarding any improvements needed in the performance of the teacher being evaluated and regarding the means by which the teacher may obtain assistance in making such improvements."
 The procedure outlined in R.C. 3319.111(B) must be followed by boards of education when evaluating teachers whose contracts the board ultimately decides not to renew. Farmer v. Kelleys Island Bd. of Edn. (1994), 69 Ohio St.3d 156, 159. "[T]he failure of a board of education to satisfy the requirements of R.C. 3319.111(B)(3) constitutes a failure to comply with the evaluation requirements of R.C. 3319.111(A), and such failure will permit a reviewing court to order the board to reemploy the teacher pursuant to R.C. 3319.11(G)(7)." Naylor v. Cardinal Local School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 162, 166.
Layman contends her evaluations did not contain the specific recommendations regarding improvements needed, or regarding the means by which she might obtain assistance in making the improvements, as required by R.C. 3319.111(B)(3). The court of common pleas found that the evaluations did contain recommendations as required by R.C. 3319.111(B)(3). The court stated:
 "Some of the recommendations, based upon Principal Kapostasy's observations include, but are not limited to: (1) having remaining students work in small groups, rather than waiting in line, while appellant engages in one-on-one time with other students; (2) instead of expecting quick responses to questions, allow 3-7 seconds to facilitate student responses; and (3) adapt lesson plans to the differing levels, needs and learning rates of the individual students."
 As the court stated, these are examples of recommendations contained in Layman's evaluations. A review of the record indicates other specific recommendations were made in the evaluations. Also, most of the recommendations are of a nature that would not require Layman to obtain assistance to make the improvement. For example, if Layman was not allowing students enough time to respond to questions, she simply needs to allow enough time for a response, she does not need outside assistance. However, there were some specific referrals, such as that Layman read the minutes of a school committee "to make sure that you can fulfill your responsibilities."
The court of common pleas also found that the evaluation procedures employed by appellee were timely pursuant to R.C. 3319.111(A), and met the substantive requirements of R.C. 3319.111(B)(1) and (2). Having also found appellee met the requirements of R.C. 3319.111(B)(3), the court concluded appellee met its procedural requirements. We cannot say the trial court abused its discretion in reaching these conclusions. Layman's second assignment of error is without merit.
The judgment of the trial court is affirmed.
 _______________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., CHRISTLEY, J., concur.