MILLIKEN–DEES et al., Appellees and Cross–Appellants,

v.

SALEM CITY SCHOOL DISTRICT BOARD OF EDUCATION,
Appellant and Cross–Appellee.

[Cite as Milliken–Dees v. Salem City School Dist. Bd.
of Edn., 167 Ohio App.3d 536, 2006-Ohio-3487.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 05 CO 6.

Decided June 29, 2006.

Green, Haines, Sgambati Co., L.P.A., Ira J. Mirkin, and Barry Laine, for appellees and cross-appellants.

Janik & Dorman, L.L.P., Andrew Dorman, Chris Spagnoli, and Eric Weiss, for appellant and cross-appellant.

WAITE, Judge.

{¶ 1} This matter comes to us on appeal from the Columbiana County Court of Common Pleas filed by appellees, Jennifer Milliken–Dees, Jeffrey C. Wills, and

Teresa Dolan, whose limited teaching contracts were nonrenewed by appellant, the Salem City School District, for the 2004–2005 school year.

{¶ 2} Appellant evaluated each appellee, and each received a positive review as required by R.C. 3319.111. However, appellant subsequently notified each appellee of its intention not to renew their employment contracts before April 30, 2004. Appellees then requested written statements relative to the circumstances leading to their nonrenewal. Each appellee received the same letter from the school district. It explained that appellant was facing a deficit, and as a result it lacked sufficient funds to maintain its staffing levels. The letter did not specify why appellees were singled out for nonrenewal.

{¶ 3} Each appellee then requested a hearing. Following the hearing, the Board of Education affirmed its decision to nonrenew appellees' limited teaching contracts. Appellees appealed to the Columbiana County Court of Common Pleas pursuant to R.C. 3319.11(G)(7).

{¶ 4} On appeal, appellees agreed to consolidate their cases, and following the submission of cross-motions for summary judgment, the trial court issued its decision, which was three-fold. First, the trial court found that appellant's statement of the circumstances surrounding the nonrenewal was inadequate. Secondly, it held that appellant's reason for the nonrenewal does not have to be related to appellees' evaluations. Finally, the trial court held that appellees were entitled to back pay and appellant was not entitled to a setoff. Appellant timely appealed to this court and appellees filed a cross-appeal.

{¶ 5} Appellant asserts two assignments of error on appeal. It claims first that its statement of circumstances concerning the nonrenewal was adequate. Appellant also argues that the trial court erred in failing to grant it a setoff against appellees' back pay. Appellees assert in their cross-assignment of error that the statement of circumstances surrounding their nonrenewal must be related to the requisite R.C. 3319.111(A) teacher evaluations. For the following reasons, appellant's statement of circumstances surrounding the nonrenewal was inadequate; however, this statement does not have to be based on the teacher evaluations. Further, the trial court erred in failing to allow appellant a setoff. Thus, appellant's arguments are sustained in part and overruled in part. Appellees' cross-assignment of error is overruled.

{¶ 6} Appellant's first assignment of error alleges:

{¶ 7} "The trial court erred in finding that defendant-appellant's May 6, 2004 letter issued to the plaintiffs-appellees did not satisfy the requirements of R.C. § 3319.11(G)(2)."

{¶ 8} It should first be stressed that R.C. 3319.11 and 3319.111 are remedial statutes that must be liberally construed in a teacher's favor. *Naylor v. Cardinal*

*Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 164, 630 N.E.2d 725, citing R.C. 1.11; *State ex rel. Luckey v. Etheridge* (1992), 62 Ohio St.3d 404, 406, 583 N.E.2d 960.

{¶ 9} Further, it has been held that a common pleas court's scope of review is more limited in R.C. Chapter 3319 appeals than in standard administrative appeals because an appeal to the court of common pleas "is limited to the determination of procedural errors and to ordering the correction of procedural errors." R.C. 3319.11(G)(7). A court of appeals' standard in reviewing an order of an administrative agency is to determine only if the trial court has abused its discretion. *Layman v. Perry Local School Dist. Bd. of Edn.* (Aug. 17, 2001), 11th Dist. No.2000–L–005, 2001 WL 935482, 2, citing *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264.

{¶ 10} R.C. 3319.11(E) provides, "Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, considered reemployed." However, the school board may give the teacher written notice of its intention not to renew the teacher's limited contract prior to April 30. R.C. 3319.11(E). If this occurs, the teacher may then make "a written demand for a written statement describing the circumstances that led to the board's intention not to reemploy the teacher." R.C. 3319.11(G)(1). Thereafter, upon request, the teacher is entitled to a hearing. R.C. 3319.11(G)(3).

{¶ 11} As indicated previously, appellant timely notified appellees of its intention to not renew their limited teaching contracts. Appellees requested a written explanation, which was provided. Following the requested hearing, the school board affirmed its decision to not renew appellees' limited contracts.

{¶ 12} Appellant's description of the circumstances that led to appellees' nonrenewal is at issue in this assignment of error. Appellant asserts that its explanation was more than adequate. Appellant argues that R.C. 3319.11(G)(1) does not explicitly state that each teacher is entitled to an individualized explanation concerning the nonrenewal of their limited contracts.

{¶ 13} However, the Ohio Supreme Court in *Naylor v. Cardinal Local School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 162, 630 N.E.2d 725, has held that a school district must provide a limited contract teacher a "clear and substantive basis for its decision to not reemploy the teacher for the following school year." Id. at 167, 630 N.E.2d 725. The teacher in *Naylor* was under a limited-term contract, and she was notified by the school of its intention to not renew her contract. She requested a letter describing the circumstances that led the board to not reemploy her pursuant to R.C. 3319.11(G)(2). The board responded, stating:

{¶ 14} "According to the Ohio Revised Code, Section 4117 and the terms of the teacher's Master Agreement, the Board of Education cannot issue another limited teaching contract after a teacher has taught three (3) continuous years at the Cardinal Schools and holds a valid professional teaching certificate. If Mrs. Naylor were to receive another contract in the District, she could only be offered a continuing contract. In reviewing the long term needs of the District, it was concluded by the Superintendent and accepted by the Board, that the District would be better served by not offering Mrs. Naylor a continuing contract." Id. at 166–167, 630 N.E.2d 725.

{¶ 15} The Supreme Court held that the foregoing explanation was wholly inadequate to satisfy R.C. 3319.11(G)(2) because "the board's statement does not describe any circumstances explaining how it arrived at its decision. The board's statement is merely conclusory and leaves [Naylor] groping for answers as to why she was not offered a continuing contract." Id. at 167, 630 N.E.2d 725. Thus, in order to give R.C. 3319.11(G)(2) meaning, the Supreme Court held that a school board must give a limited-contract teacher a "clear and substantive basis for its decision not to reemploy the teacher for the following school year." Id.

{¶ 16} Turning to the facts in the instant matter, appellant's written response to appellees' demand for an explanation of the circumstances leading to their nonrenewal was the same for each teacher. It provided:

{¶ 17} "[T]he Board of Education, acting on the Superintendent's recommendations, elected not to renew your one-year limited teaching contract based on the current financial status of the Salem City School District. Specifically, the District is facing a deficit of approximately $975,000 for the 2004–2005 fiscal year and therefore, does not have sufficient funds to maintain its current staffing levels."

{¶ 18} On appeal, the trial court concluded that the foregoing was inadequate based on Naylor, since it left appellees "groping for answers" about why they, individually, were selected for nonrenewal as opposed to other teachers. The trial court found that the foregoing letter was inadequate because it was generic, stating that "[t]here must be an explanation to the teacher of why that teacher specifically is being non-renewed."

{¶ 19} Appellant argues on appeal, however, that the letter satisfied the R.C. 3319.11(G)(2) requirements since it was only required to provide the teachers with a clear explanation of the board's decision. Appellant insists that Naylor does not require a board to provide teachers with individualized explanations as to their nonrenewal.

{¶ 20} Although the Naylor court did not explicitly state that an individualized explanation is required, this conclusion is unavoidable in light of the letter at

issue in *Naylor*. The letter in *Naylor* was inadequate even though it addressed the needs of the school in conjunction with the fact that any offer to Naylor would have had to been a continuing contract as opposed to a limited one. Id. at 162–163, 630 N.E.2d 725. Naylor's explanation was simply that since the school determined that offering her a continuing contract did not coincide with the school's needs, it decided not to renew her contract. Id. at 166–167, 630 N.E.2d 725.

{¶ 21} The Supreme Court held that this explanation was too conclusory and left Mrs. Naylor "groping for answers as to why *she* was not offered a continuing contract." (Emphasis added.) Id. at 167, 630 N.E.2d 725. It further held that the letter did "not describe any circumstances explaining how [the board] arrived at its decision." Id. Thus, based on *Naylor*, supra, it is an inescapable conclusion that a more individualized explanation is required under R.C. 3319.11(G)(2).

{¶ 22} The Ohio Supreme Court in *Geib v. Triway Local School Dist. Bd. of Edn.* (1999), 84 Ohio St.3d 447, 705 N.E.2d 326, also addressed the adequacy of an explanation for the nonrenewal of a limited-contract teacher. It concluded that a board cannot simply refer a teacher to her prior evaluations in an attempt to explain its decision not to reemploy her. Instead, *Geib* concluded that a board must clearly tell a teacher why she is not being reemployed instead of leaving her to figure it out on her own by reviewing her evaluations. Id. at 451, 705 N.E.2d 326.

{¶ 23} Further, teachers subject to nonrenewal are entitled to a hearing after a written explanation is requested and provided. R.C. 3319.11(G)(3). Absent a clear and substantive basis as to why that teacher is being nonrenewed, a teacher cannot adequately prepare for his or her hearing. Thus, a common explanation letter essentially impedes a meaningful review and undermines the legislature's intent in providing the opportunity for a hearing. R.C. 3319.11(G)(3).

{¶ 24} Based on the foregoing, a more individualized explanation regarding a teacher's nonrenewal is required, and it should include an indication as to why the teacher was chosen for nonrenewal instead of another teacher, e.g., poor review, least seniority. The explanation in this case was inadequate since the same letter was issued to each teacher, and while the letter clearly explained why cutbacks were generally necessary in the district, it failed to provide each teacher with an indication as to why each was chosen for nonrenewal. Thus, the trial court did not abuse its discretion, and this assignment of error is overruled.

{¶ 25} We will address appellees' sole cross-assignment of error at this juncture since it relates to the statement of circumstances surrounding the nonrenewal of appellees' limited contracts. It claims:

{¶ 26} "The trial court erred in ruling that a board of education could non-renew a teacher serving under a limited contract for financial reasons unrelated to the evaluations and performance of the teacher."

{¶ 27} Appellees challenge the trial court's finding that the board's underlying reason for their nonrenewal, a lack of money, was a valid reason for a teacher's nonrenewal even though the written description was lacking. Instead, appellees argue that a nonrenewal must be linked to and based on the teacher's job performance and requisite evaluations set forth in R.C. 3319.111.

{¶ 28} The trial court held on this issue:

{¶ 29} "While the Court agrees that the non-renewal should be tied to the evaluations, had the General Assembly intended that to be so the General Assembly could have clearly stated so in the statute. It did not. The only thing required under R.C. 3319.11 for non-renewal is that the evaluation is to have been performed and that the Board, upon written request, state the circumstances of the non-renewal. Nothing in either statute requires the circumstances for non-renewal be limited to the performance of the teacher as shown by the evaluations."

{¶ 30} Appellees fail to direct this court's attention to any case law establishing that a teacher's nonrenewal must be based on the requisite evaluations. Instead, appellees argue that the statutory language supports their claim. Appellees argue that any nonrenewal must be based on the evaluation procedures otherwise the evaluations would be meaningless. They also claim that the trial court failed to construe these provisions liberally in the teachers' favor. *Naylor*, supra, 69 Ohio St.3d at 164, 630 N.E.2d 725.

{¶ 31} R.C. 3319.111(A) provides:

{¶ 32} "Any board of education that has entered into any limited contract or extended limited contract with a teacher pursuant to section 3319.11 of the Revised Code *shall evaluate such a teacher in compliance with the requirements of this section in any school year in which the board may wish to declare its intention not to re-employ the teacher* pursuant to division (B), (C)(3), (D), or (E) of section 3319.11 of the Revised Code." (Emphasis added.)

{¶ 33} Further, R.C. 3319.11(E) provides:

{¶ 34} "Any teacher employed under a limited contract, and not eligible to be considered for a continuing contract, is, at the expiration of such limited contract, considered reemployed under the provisions of this division at the same salary plus any increment provided by the salary schedule *unless evaluation procedures have been complied with pursuant to division (A) of section 3319.111 of the Revised Code and the employing board, acting upon the superintendent's written recommendation that the teacher not be reemployed, gives such teacher written*

*notice of its intention not to reemploy such teacher on or before the thirtieth day of April.* A teacher who does not have evaluation procedures applied in compliance with division (A) of section 3319.111 of the Revised Code or who does not receive notice of the intention of the board not to reemploy such teacher on or before the thirtieth day of April is presumed to have accepted such employment unless such teacher notifies the board in writing to the contrary." (Emphasis added.)

{¶ 35} Appellees also raise the following in support of this proposition:

{¶ 36} "A liberal construction has been defined as giving 'generously all that the statute authorizes,' and 'adopting the most comprehensive meaning of the statutory terms in order to accomplish the aims of the Act and to advance its purpose, with all reasonable doubts resolved in favor of the applicability of the statute to the particular case.'" *Bailey v. Republic Engineered Steels, Inc.* (2001), 91 Ohio St.3d 38, 40, 741 N.E.2d 121, quoting Fulton, Ohio Workers' Compensation Law (2d Ed.1998) 9.

{¶ 37} We note that *Bailey* involved an administrative appeal in a workers' compensation case.

{¶ 38} While appellees' argument appears to contain one logical reason that a school board would be required to conduct evaluations before deciding not to renew a limited-contract teacher, the legislature did not draft the statutes in this manner. There is no requirement that the decision to not renew must be based on the evaluation. Instead, the legislature merely requires the evaluations if a board decides not to reemploy a limited-contract teacher. There is nothing in R.C. 3319.111 or 3319.11 requiring a limited-contract teacher's nonrenewal to be based on the evaluations. While appellees would like us to speculate on the reasons for the evaluations, it is just as easy to conclude that these are for the use or benefit of any school district with which appellees would seek to obtain their next employment. Regardless, as the trial court held, we cannot create legal requirements where none exist. Based on the foregoing, appellees' sole cross-assignment of error lacks merit.

{¶ 39} Appellant's second assignment of error asserts:

{¶ 40} "The trial court erred in holding that the defendant-appellant must pay back pay to plaintiff-appellees without setoff for interim earnings or reduction reflecting other circumstances limiting plaintiff-appellees' entitlement to back pay."

{¶ 41} The trial court ordered appellant to pay appellees back pay until the board provides an adequate statement of circumstances under R.C. 3319.11(G)(2). Appellant sought a setoff of the back pay based on the appellees' reemployment.

However, the trial court denied a setoff, relying on *Gerner v. Salem City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 170, 630 N.E.2d 732. The trial court held:

{¶ 42} "Awarding of back pay is designed to prompt the Board into acting diligently to provide an adequate statement of the circumstances. If the Court were to order a set off and the teacher would be making more money than making now the Board would never have an incentive to provide a proper statement."

{¶ 43} Appellant argues that it is legally entitled to a setoff for any and all amounts that appellees earned during the period in which they are entitled to back pay. Appellees, however, argue that their back-pay award was fashioned as a penalty to the school district based on *Gerner,* supra.

{¶ 44} *Gerner* involved the issue of back pay for the nonrenewal of a limited-contract teacher. It held in part that back pay was implicitly authorized in R.C. 3319.11(G)(7) in order to correct the procedural error. Id., 69 Ohio St.3d at 175, 630 N.E.2d 732. Although the court in *Gerner* did note that an award of back pay would act as an incentive, the court did not label the back pay a "penalty" as appellees claim. Most important, *Gerner* never addressed the possibility of a setoff based on a teacher's new employment.

{¶ 45} Appellant directs us to *Frith v. Princeton City School Dist. Bd. of Edn.* (July 14, 1982), 1st Dist. No. C–810789, 1982 WL 8619, in support of this claimed error. The court in *Frith* held that a school principal who was not timely notified of the board of education's decision not to reemploy him was entitled to back pay. The *Frith* court also recognized that the principal had a duty to mitigate his damages. However, it held that he only had an obligation to accept similar employment in mitigation; the requirement to mitigate his damages would not require him to accept a job as a physical education teacher, because he had been a principal for 13 years.

{¶ 46} In *Bertolini v. Whitehall City School Dist. Bd. of Edn.,* 10th Dist. No. 02AP–839, 2003-Ohio-2578, 2003 WL 21152516, the court held that a school administrator with a limited contract was entitled to back pay. However, the court also concluded:

{¶ 47} "It is well-settled that a public employee * * * who is wrongfully excluded from his position and sues to recover compensation for the period of exclusion is subject to have his claim reduced by the amount he earned or, in the exercise of due diligence, could have earned in appropriate employment during the period of exclusion." Id. at ¶ 44, citing *State ex rel. Martin v. Columbus Dept. of Health* (1979), 58 Ohio St.2d 261, 12 O.O.3d 268, 389 N.E.2d 1123, paragraph two of the syllabus.

{¶ 48} Based on *Frith* and *State ex rel. Martin*, supra, appellant's second assignment of error has merit and is sustained. The trial court's decision is remanded in part to allow the trial court to assess the extent of appellant's setoff, if any. On remand, it should be stressed that the employer bears the burden of proving its entitlement to a setoff since mitigation of damages is an affirmative defense. *Bertolini* at ¶ 44, citing *Martin*, supra, paragraph three of the syllabus.

{¶ 49} In conclusion, the trial court's decision is affirmed in part and reversed in part. Appellees are entitled to back pay until they are provided an adequate statement of the circumstances surrounding their nonrenewal in accordance with the trial court's decision and *Naylor*, supra. This statement and the reasons for nonrenewal need not be based on the teacher's evaluations. Additionally, the trial court should conduct a hearing on remand to determine whether appellant can establish the entitlement to a setoff of appellees' back pay, if any.

Judgment accordingly.

DONOFRIO, P.J., and DEGENARO, J., concur.