CIANCIOLA, Appellant,

v.

CITY OF FAIRLAWN, Appellee.

[Cite as *Cianciola v. Fairlawn,* 156 Ohio App.3d 16, 2004-Ohio-327.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21565.

Decided Jan. 28, 2004.

J. Thomas Henretta, for appellant.

Daniel J. Funk, for appellee.

CARR, Judge.

{¶ 1} Appellant, Dana Cianciola, appeals from the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, the city of Fairlawn ("Fairlawn"). This court affirms.

I

{¶ 2} On August 6, 1996, at approximately 10:30 p.m., Lieutenant Hose and fireman Steve Heckman, employees of the Fairlawn Fire Department, transported a patient to St. Thomas Medical Center in Akron. After leaving the patient with the attending medical personnel, the firemen gathered supplies from the hospital in order to restock the ambulance. They placed the supplies on the gurney and returned to the ambulance. While Hose and Heckman were restocking the ambulance, the gurney rolled away from the parked ambulance and hit the curb of the sidewalk outside the emergency room. Appellant was allegedly struck by the gurney as it rolled away from the ambulance.

{¶ 3} In her initial complaint, appellant alleged that Fairlawn was liable for the negligent acts of Hose and Heckman under the doctrine of respondeat superior. In an amended complaint, appellant alleged wanton or reckless conduct by Hose and Heckman, rather than their negligence. The trial court granted Fairlawn's motion for summary judgment, and appellant timely appealed to this Court. *Cianciola v. Fairlawn,* 9th Dist. No. 20785, 2002-Ohio-1499, 2002 WL 500219.

{¶ 4} This court reversed the judgment of the trial court and remanded the matter for further proceedings, stating that the trial court improperly awarded summary judgment in favor of Fairlawn upon grounds that Fairlawn did not argue in its motion for summary judgment. Id. at ¶ 10–11.

{¶ 5} Upon remand, Fairlawn requested and was granted leave to file a second motion for summary judgment. Appellant filed a motion opposing Fairlawn's motion for summary judgment. The trial court granted summary judgment in favor of Fairlawn.

{¶ 6} Appellant again timely appealed to this court, asserting two assignments of error for review. Appellant's two assignments of error have been combined in order to facilitate review.

II

### FIRST ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment because, as a matter of law, the city of Fairlawn is liable for its paramedic employees' negligence while on the premises of St. Thomas Medical Center."

### SECOND ASSIGNMENT OF ERROR

"The trial court erred in granting summary judgment when a genuine issue of material fact existed as to whether the city of Fairlawn employees acted in a wanton or reckless manner."

{¶ 7} In appellant's two assignments of error, she challenges the trial court's award of summary judgment in favor of Fairlawn. Appellant argues that Fairlawn was not entitled to sovereign immunity because none of the exceptions to the defense was applicable in this case. Specifically, appellant argues that R.C. 2744.02(B) is applicable to this case, and that a genuine issue of material fact exists regarding whether Hose and Heckman acted in wanton or reckless disregard for her safety. This court disagrees.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is appropriate when "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 9} To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264. "[T]he moving party must state specifically which areas of the opponent's claim raise no genuine issue of material fact[.]" *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164. If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See *Klingshirn v. Westview Concrete Corp.* (1996), 113 Ohio App.3d 178, 180, 680 N.E.2d 691.

{¶ 10} In its motion for summary judgment, Fairlawn argued that it is entitled to immunity as set forth in R.C. 2744.02(A)(1) because (1) Hose and Heckman were working in the course and scope of their employment with Fairlawn when the incident in question occurred; (2) Hose and Heckman were performing a "governmental function"; and (3) none of the exceptions to political subdivision immunity set forth in R.C. 2744.02(B) was applicable in this matter. Alternatively, Fairlawn argued that, even if any of the exceptions named in R.C. 2744.02(B) were applicable, it was still entitled to immunity under R.C. 2744.03(A)(5).

{¶ 11} In appellant's motion opposing Fairlawn's motion for summary judgment, she argued that there existed a genuine issue of material fact as to whether Hose and Heckman's actions were wanton or reckless. Specifically, appellant argued that this court held in *Cianciola* that pursuant to R.C. 2744.03(A)(6), Fairlawn was not entitled to the general grant of immunity provided by R.C. 2744.02(A)(1).

{¶ 12} In *Cianciola,* this court did not conclude that the exception found in R.C. 2744.03(A)(6) was applicable in this case. This court merely held that the trial court erred in considering an argument not properly brought before it by a valid motion. *Cianciola* at ¶ 10–11.

{¶ 13} In determining whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744, this court must engage in a three-tier analysis. In *Greene Cty. Agricultural Soc., v. Liming* (2000), 89 Ohio St.3d 551, 556–557, 733 N.E.2d 1141, the Supreme Court of Ohio described this analysis:

"First, R.C. 2744.02(A)(1) sets out a general rule that political subdivisions are not liable in damages. In setting out this rule, R.C. 2744.02(A)(1) classifies the functions of political subdivisions into governmental and proprietary functions and states that the general rule of immunity is not absolute, but is limited by the provisions of R.C. 2744.02(B), which details when a political subdivision is not immune. Thus, the relevant point of analysis (the second tier) then becomes whether any of the exceptions in R.C. 2744.02(B) apply. Furthermore, if any of R.C. 2744.02(B)'s exceptions are found to apply, a consideration of the application of R.C. 2744.03 becomes relevant, as the third tier of analysis."

{¶ 14} In the present case, appellant conceded that Hose and Heckman were acting within the scope of their employment. Hose and Heckman were involved in a governmental function as defined in R.C. 2744.01(C)(2)(a). Therefore, Fairlawn was entitled to immunity pursuant to R.C. 2744.02(A)(1), unless one of the exceptions in R.C. 2744.02(B) was applicable.

{¶ 15} R.C. 2744.02(B) lists the following five exceptions to a political subdivision's entitlement to immunity:

"(1) negligent operation of a motor vehicle by an employee(s) acting within the scope of employment;

"(2) negligent acts by employee(s) with respect to the subdivision's proprietary functions;

"(3) negligent failure to keep public roadways and grounds open and in repair;

"(4) negligence of employee(s) occurring within or on the grounds of, and are due to physical defects within or on the grounds of, buildings used in connection with the performance of a governmental function;

"(5) liability is expressly imposed upon the political subdivision by a section of the Revised Code."

{¶ 16} In this case, no operation of a motor vehicle was involved in the incident; Hose and Heckman were involved in a governmental, not proprietary, function; no public road was involved; and appellant did not cite any other section of the Revised Code as a basis for imposing liability.

{¶ 17} This court notes that in appellant's first assignment of error, she does argue that R.C. 2744.02(B)(4) is applicable to this case because the incident occurred on the premises of St. Thomas Hospital, where Hose and Heckman were performing a governmental function. However, appellant did not present this argument before the trial court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." *Holman v. Grandview Hosp. & Med. Ctr.* (1987), 37 Ohio App.3d 151, 157, 524 N.E.2d 903, citing *Republic Steel Corp. v. Cuyahoga Cty. Bd. of Revision* (1963), 175 Ohio St. 179, 23 O.O.2d 462, 192 N.E.2d 47. Accordingly, this court will not address appellant's argument concerning R.C. 2744.02(B)(4). As none of the exceptions in R.C. 2744.02(B) is applicable to the case sub judice, there is no need to proceed to the third tier of the analysis.

{¶ 18} This court concludes that summary judgment was properly awarded in favor of Fairlawn. Appellant's two assignments of error are overruled.

## III

{¶ 19} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

SLABY, P.J., and BAIRD, J., concur.