DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Christopher R. Dennis, appeals from the judgment of the Summit County Court of Common Pleas that granted the summary judgment motion of Appellees Coventry Local School District Board of Education, Larry Roberson, Ed.D., Michael B. Woods, and Tina Norris, (collectively the "Coventry Appellees"); as well as the separate summary judgment motions of Appellees Ashley and Christine Haneburg (the "Haneburgs"); Kaitlin Slabaugh ("Slabaugh") and Sarah, Caroline, Becky, and Greg Conley (the "Conleys"). We affirm.
 I. {¶ 2} From April 8, 2003 to April 11, 2003, seventh-grade students from the Erwine Middle School in the Coventry Local School District went on an overnight field trip to the Cuyahoga Valley Environmental Education Center (the "CVEEC"). At that time, Appellant was a seventh-grade science teacher at the School, and he had organized this trip and served as one of the chaperones.
 {¶ 3} Upon return from the field trip, several students reported allegations regarding inappropriate behavior on the part of Appellant. Specifically, several girls complained that Appellant had entered the female dorm room and female restrooms while the girls were at least partially undressed. Allegations were also made that Appellant had inappropriately touched at least two female students during the trip. Several students submitted written statements to the school and to the police regarding these alleged instances. The Summit County Sheriff's Department investigated the matter, and the Coventry Appellees also conducted an independent investigation of the allegations. The School personnel involved in the investigations were appellee Roberson, the Coventry Local School District Superintendent; appellee Woods, the Erwine Middle School Principal; and appellee Norris, the Erwine Middle School Assistant Principal.
 {¶ 4} In May 2003, Appellant was suspended with pay during the course of the investigation. Subsequently, Appellant was arrested and charged with sexual imposition, which charges were later dismissed.
 {¶ 5} In August 2003, the Coventry Local School District Board of Education passed a resolution of the intention to consider the termination of Appellant's teaching contract. The Board suspended Appellant without pay.
 {¶ 6} On November 7, 2003, Appellant filed a complaint against the Coventry Appellees and several of the students and their parents as guardians of the minor students. In the complaint, Appellant asserted the following claims against the Coventry Appellees: (1) negligent investigation of the matter by the Coventry Appellees collectively and individually; (2) negligent selection, hiring, and supervision of the individual Coventry Appellees by the Board; (3) negligent supervision of Norris and Woods by Roberson; (4) negligent supervision of Norris by Woods; and (5) slander per se against the Coventry Appellees collectively and individually.
 {¶ 7} As against the students and their parents, the complaint asserted the following: (1) a claim against the students for deprivation of and tortious interference with his asserted property right in his contract of employment with the School District; (2) a slander per se claim against the students; (3) a claim against the students for negligent reporting of the alleged misconduct; and (4) a claim against the students for malicious combination, agreement, and common design to injure Appellant. As against each of the parents of the students, Appellant asserted a claim of negligent supervision and a claim under R.C. 3109.09 for damage to his property, i.e., the loss of his teaching contract.
 {¶ 8} All of the Appellees answered the complaint. In their answer, the Coventry Appellees asserted statutory immunity as one of their defenses.
 {¶ 9} Christine Haneburg, the mother of appellee Ashley Haneburg, filed a counterclaim requesting compensatory and punitive damages based on the asserted permanent mental anguish and psychological damage caused by the alleged sexual advances and touching of Ashley in improper places by Appellant during the field trip. James Slabaugh, the parent and natural guardian of teenage appellee Kaitlin Slabaugh, asserted a similar claim based on Appellant's alleged sexual advances towards Kaitlin. James Slabaugh also asserted a cross-claim against the Coventry Appellees for negligent supervision of Appellant in his teaching capacity and for failing to protect and provide for the safety of Kaitlin during the field trip. Appellant and the Coventry Appellees filed their respective answers.
 {¶ 10} Appellees Caroline Conley, Sara Conley, Gregory Conley, and Becky Conley filed a third-party complaint against State Farm Fire and Casualty Company for coverage under their homeowner's policy for the defense and indemnification in the lawsuit.
 {¶ 11} From November 12, 2003 to November 14, 2003, a hearing was held pursuant to R.C. 3319.16 to address whether Appellant had been improperly terminated from employment. On February 6, 2004, the referee presiding over the matter issued a written recommendation that Appellant be reinstated. However, the Board rejected the recommendation. Thereafter, Appellant filed an amended complaint, which asserted a retaliation claim against the Board on the basis of the Board's rejection of the referee's recommendation pursuant to Appellant filing suit.
 {¶ 12} Thereafter, Appellant voluntarily dismissed without prejudice defendants Elena M. Koh, Elise D. Fisher-Koh, Eric Koh, Shellie Zimmerman, Alexis Prinzo, and Brian Prinzo, per Civ.R. 41(A)(1)(a). Appellant also voluntarily dismissed James and Tonya Slabaugh. The Haneburgs later voluntarily dismissed their counterclaim against Appellant, per Civ.R. 41(A)(1)(a). Kaitlin, James, and Tonya Slabaugh voluntarily dismissed their counterclaim without prejudice, as well. Remaining were Appellant's claims against Sarah, Caroline, Becky, and Greg Conley, Kaitlin Slabaugh, and Ashley and Christine Haneburg.
 {¶ 13} State Farm filed a motion for summary judgment on the Conleys' third-party complaint, and the Conleys responded. On January 21, 2005, the court granted State Farm's motion for summary judgment and found that the Conleys were not entitled to coverage for the defense of their claims in the instant case.
 {¶ 14} Thereafter, the Coventry Appellees filed a joint motion for summary judgment on all of Appellant's claims. The Coventry Appellees argued in part that they were entitled to judgment because they were statutorily immune from liability. The Coventry Appellees also argued that Appellant could not point to any evidence of a breach of a duty, or any malicious, reckless, or wanton behavior. These appellees supported their motion with the depositions of Appellant, Ashley Haneburg, Kaitlin Slabaugh, and Detective Patricia Kungle. Appellant responded to the motion, and the Coventry Appellees replied.
 {¶ 15} The Conleys, Haneburgs, and Slabaugh also filed separate motions for summary judgment. Appellant responded to each motion in a combined brief in opposition. In addition, Appellant filed a motion for summary judgment on the counterclaims of the Haneburgs and Slabaugh.
 {¶ 16} In a judgment entry dated September 26, 2005, the trial court granted the summary judgment motion of the Coventry Appellees in its entirety as well as the separate motions of the Haneburgs, the Conleys, and Slabaugh. The court also certified that there was "no just cause for delay." This appeal followed.
 {¶ 17} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING THE COVENTRY DEFENDANTS/APPELLEES' MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S AMENDED COMPLAINT."
 {¶ 18} In his first assignment of error, Appellant contends that the trial court erred in granting the Coventry Appellees' motion for summary judgment, asserting that they were not entitled to political subdivision statutory immunity. We disagree for the reasons set forth below, and address each of Appellant's individual arguments in turn.
 {¶ 19} An appellate court reviews a grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
Any doubt is to be resolved in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 20} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id.
 {¶ 21} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but must instead point to or submit some evidentiary material that shows that a genuine dispute over the material facts exists. Id. See, also, Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. In its review of a grant of summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Servs., Inc. v. Lekan
(1992), 75 Ohio App.3d 205, 208.
1. Negligent Investigation and Supervision
 {¶ 22} Appellant complains about the Coventry Appellees' investigation into the allegations. However, Appellant has not explained or even offered a reason as to how and why the Coventry Appellees' investigation by itself was negligent. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. Anglev. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(7). "If an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v.Cardone (May 6, 1998), 9th Dist. No. 18349, at *8. In his argument in support of this assignment of error, Appellant has failed to point to even a single instance in this investigation.
 {¶ 23} Later in his argument, Appellant discusses instances in the investigation that he asserts amount to negligent investigation, without providing references in the record to support these factual assertions. Loc.R. 7(E) provides that "[r]eferences to the pertinent parts of the record shall be included in the * * * argument section of the brief. If a party fails to include a reference to a part of the record that is necessary to the court's review, the court may disregard the assignment of error or argument." When an appeal comes before this Court for review, "[i]t is not the function of this [C]ourt to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996),114 Ohio App.3d 41, 60.
 {¶ 24} Appellant's argument, that the court erred in entering judgment against Appellant on his claim that the Board negligently supervised the other Coventry Appellees in their investigation of the matter, must fail due to our analysis above. Because Appellant has failed to demonstrate negligence pursuant to R.C. 2744.02(B)(4), we fail to see how any negligent supervision by itself ultimately prejudiced Appellant and affected his substantial rights. See Civ.R. 61.
2. Statutory Immunity
 {¶ 25} Appellant then argues that the exception set forth in R.C. 2744.02(B)(4) applies to the instant case to preclude statutory immunity. The Coventry Local School District Board of Education is a political subdivision. See R.C. 2744.01(F);Hubbard v. Canton City School Dist. Bd. of Educ.,97 Ohio St.3d 451, 2002-Ohio-6718, at ¶ 11. R.C. 2744.02(A)(1) provides that political subdivisions are immune from liability for damages with respect to governmental and proprietary functions, unless one of the exceptions set forth in R.C. 2744.02(B) applies. Cianciolav. Fairlawn, 156 Ohio App.3d 16, 2004-Ohio-327, at ¶ 13. The operation of a public school is a governmental function. R.C.2744.01(C)(2)(c); R.C. 2744.02(A); Ellithorp v. Barberton CitySchool Dist. (July 9, 1997), 9th Dist. No. 18029, at *2. R.C.2744.02(B)(4), effective April 9, 2003, provides:
"Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."
 {¶ 26} However, we observe that Appellant has failed to point to any evidence to support his argument that the Coventry Appellees, and specifically the School District Board, are subject to this exception. As noted above, Appellant has neither pointed to any negligent act in his argument nor demonstrated that the Coventry Appellees' actions constitute a governmental function. See, e.g., Wolford v. Sanchez, 9th Dist. No. 05CA008674, 2005-Ohio-6992, at ¶ 31.
 {¶ 27} Appellant also argues that the court incorrectly determined the scope of the R.C. 2744.02(B)(4) exception as changed by the April 9, 2003 amendment.[1] Appellant asserts that it was incorrect for the court to conclude that the asserted negligence had to be the subject of a physical defect on school grounds and that the negligence must have occurred in conjunction with a physical defect on the property. Appellant cites Hubbard v. Canton City School Board of Education, decided on December 18, 2002, which held:
"The exception to political-subdivision immunity in R.C.2744.02(B)(4) applies to all cases where an injury resulting from the negligence of an employee of a political subdivision occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function. The exception is not confined to injury resulting from physical defects or negligent use of grounds or buildings." Hubbard,97 Ohio St.3d 451 at paragraph one of the syllabus.
 {¶ 28} Appellant states that the April 9, 2003 amendment to R.C. 2744.02 did not effectively change the rule of law as outlined. However, Appellant fails to cite any legal support for this argument. Appellant has failed to make out an argument, and thus we disregard it.
3. Defamation
 {¶ 29} Appellant argues that the Coventry Appellees spoke false and defamatory statements about him to the media, and that they accused him of committing criminal acts of sexual imposition and voyeurism during the CVEEC field trip. Appellant asserts that this constituted slander per se. Appellant also asserts that the Coventry Appellees are individually liable and cannot claim statutory immunity. Appellant's argument only addresses a statement Dr. Roberson made to the Suburbanite Paper regarding the allegations against Appellant.
 {¶ 30} Appellant argues, "Dr. Roberson was quoted in the article as stating that the Coventry Defendants were able to verify the allegations that Mr. Dennis committed acts of sexual imposition and voyeurism against his students during the CVEEC trip, which was false." The elements of a claim for defamation are (1) a false defamatory statement, (2) published without privilege to a third party, (3) with fault of at least negligence, (4) that was either defamatory per se or caused special harm to the plaintiff. Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Servs., Inc. (1992), 81 Ohio App.3d 591, 601. A complainant must establish each of the above elements. Id.
 {¶ 31} Appellant appended a copy of the article to his brief in opposition. The statement made by Dr. Roberson and as quoted in the Suburbanite Paper is as follows: "He's still innocent until proven guilty. He's never had a record of problems in the classroom. * * * But as soon as we got the statement to verify (the allegations), he was removed from the classroom."
 {¶ 32} In an action against an employee of a political subdivision "to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function," R.C.2744.03(A), an employee of a political subdivision is immune from liability unless one of the following applies:
"(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) Civil liability is expressly imposed upon the employee by a section of the Revised Code." R.C. 2744.03(A)(6).
We observe that Appellant has failed to explain and demonstrate how Mr. Roberson's action constituted a governmental or proprietary function, as is his burden on appeal. See Cardone,
supra. See, also, R.C. 2744.03(A).
 {¶ 33} Furthermore, while Appellant maintains that Mr. Roberson is not entitled to immunity under R.C. 2744.03(A)(6)(b), Appellant does not explain why this reckless conduct exception applies to hold Mr. Roberson liable for making the statement. Appellant does not even make the argument that Mr. Roberson's statement was made maliciously, in bad faith, or in a wanton or reckless manner, let alone establish that a genuine issue of material fact existed regarding this fact. See R.C.2744.03(A)(6)(b). See, also, Lorenzo v. Akron, 9th Dist. No. 21085, 2002-Ohio-7318, at ¶ 18; Boggs v. Hughes (Feb. 2, 1994), 2d Dist. No. 93 CA 21, at *3. Appellant makes no other argument with respect to the R.C. 2744.03 provisions. Appellant instead insists, that, since defamation may generally be established with negligent conduct only, and does not require a showing of a higher level of intent, i.e., malice, bad faith, or wanton or reckless behavior, the latter need not be established to overcome this immunity exception. We find this argument to be unsustainable in light of statutory requirements.
 {¶ 34} We need not address Appellant's argument regarding whether the statement was privileged, as Appellant has not initially demonstrated liability under R.C 2744.03 for the statement.
4. Retaliation
 {¶ 35} Appellant also argues that the Board's decision to reject the recommendation of the Ohio Department of Education and to terminate Appellant's teaching contract was done in retaliation for Appellant's filing suit in this case. Appellant summarily asserts that he established a prima facie case for retaliation, without providing legal or factual support for his argument. Such an argument is insufficient on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). See, also, Cardone, supra.
5. Punitive Damages
 {¶ 36} Finally, Appellant asserts that the trial court erred in finding that punitive damages were barred by statute. Appellant claims that he presented sufficient evidence to establish that the Coventry Appellees' actions were wanton and reckless, without providing this Court with any specific factual or legal support for this assertion. However, due to our determination that the Coventry Appellees were entitled to summary judgment on all of Appellant's claims, including any bad faith issues discussed above, the issue of punitive damages is ultimately moot.
6. Conclusion
 {¶ 37} Based upon the foregoing, we find that the trial court did not err in granting the Coventry Appellees' motion for summary judgment. Appellant's first assignment of error is overruled.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING THE CONLEY, HANEBURG AND SLABAUGH DEFENDANTS/APPELLEES' MOTIONS FOR SUMMARY JUDGMENT."
 {¶ 38} In his second assignment of error, Appellant maintains that the trial court erred in granting the summary judgment motions of the Haneburgs, Slabaugh, and the Conleys. We disagree.[2]
 {¶ 39} As stated in our review of Appellant's first assignment of error, we review a grant of summary judgment de novo. Grafton, 77 Ohio St.3d at 105; Klingshirn,113 Ohio App.3d at 180.
1. Slander Per Se
 {¶ 40} Appellant argues that student appellees made slanderous statements regarding him, and accused him of committing criminal acts of sexual imposition and voyeurism. Appellant asserts that these various statements constituted slander per se. Appellant argues that Slabaugh and Ashley Haneburg uttered false and defamatory statements in the dormitory room during the field trip, which statements were heard by students Samantha Oravecz and Jennifer Illijevich. He also asserts that the Conley sisters made false statements through electronic media, and specifically their instant messaging through the "I Hate Mr. Dennis[, Appellant]" web log that they created. However, once again, not only does Appellant fail to provide any references to the record to support these factual assertions, but he also has neglected to support his argument for slander per se with any legal support. See App.R. 16(A); Loc.R. 7(A). Thus, we decline to address this argument.
2. Negligent Reporting
 {¶ 41} As to Appellant's summary arguments regarding his claims of negligent reporting, tortious interference with contract, malicious combination, negligent parental supervision, and punitive damages, we will not address the merits of these arguments because Appellant has failed to support the arguments with applicable case law and references to evidentiary materials. See App.R. 16(A); Loc.R. 7(A); Kremer, 114 Ohio App.3d at 60.
3. Deprivation of Property Right Claim
 {¶ 42} Appellant also argues that the court erred in concluding that he did not have a property right in a continued teaching contract. Appellant presents this limited argument in support of his claim for tortious interference by the student appellees with his teaching contract. However, Appellant's argument does not explain how all the elements of this tort are met.
 {¶ 43} Appellant asserted a deprivation of property right against the student appellees. On appeal, he argues that pursuant to R.C. 3319.11, his limited teaching contract had automatically renewed absent a notice from the Board of its intent not to re-employ Appellant. See R.C. Chapter 3319.
 {¶ 44} We observe that Appellant has failed to point to any evidence in the record to support his claim that he had a "continuing" and "limited contract" within the meaning of R.C.3319.11(A), and that his contract automatically renewed as he claims. Appellant cites one case to support his argument, namelyGerner v. Salem City School District Board of Education (1994),69 Ohio St.3d 170. In Gerner, the Supreme Court of Ohio held:
"When a board of education violates R.C. 3319.11(G)(2) by failing to adequately describe the circumstances that led to its decision not to reemploy a teacher, a court in an appeal under R.C. 3319.11(G)(7) may award the teacher back pay until the board provides an adequate statement of circumstances." Id. at syllabus.
 {¶ 45} This case does not stand for the proposition that an employee is entitled to a notice of intent to not re-employ in limited contract situations, as Appellant suggests to this Court.
 {¶ 46} More importantly, any grievance that Appellant may have with respect to the non-renewal of his teaching contract under R.C. 3319.11 is not properly brought against private parties, and specifically in this case, the student appellees. Such a grievance is only properly asserted against a board of education. See R.C. 3319.11. See, e.g., Gerner,69 Ohio St.3d at 170; Dakos v. Lorain City School Dist. Bd. of Educ., 9th Dist. No. 01CA007888, 2002-Ohio-214; Robinson v. SpringfieldLocal School Dist. Bd. of Educ. (2001), 144 Ohio App.3d 38.
4. Conclusion
 {¶ 47} Based upon the foregoing, we find that the trial court did not err in granting the motions for summary judgment of the Haneburgs, Slabaugh, and the Conleys. Appellant's second assignment of error is overruled.
 III. {¶ 48} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. concurs.
[1] Senate Bill 2002 S 106.
[2] We note that Appellant has set forth a single assignment of error and argument for each of the separate motions. Appellant should arguably have presented a separate assignment of error for each of these summary judgment motions. See App.R. 12 and 16.